393 A.2d 470

Mary Margaret WETZEL, Appellant,

v.

WESTINGHOUSE ELECTRIC CORPORATION and Equitable
Life Assurance Company.

Superior Court of Pennsylvania.

Argued April 10, 1978.

Decided Oct. 20, 1978.

Gretchen Sohn Reed, Beaver, for appellant.

Robert C. Jones, Pittsburgh, for appellees.

Before JACOBS, President Judge, and HOFFMAN, CERCONE, PRICE, VAN der VOORT, SPAETH and HESTER, JJ.

CERCONE, Judge:

Willy C. J. Wetzel died on March 16, 1975 at the hand of his son, Roy Wetzel. Roy Wetzel was tried by a jury for murder and voluntary manslaughter in the Court of Common Pleas of Beaver County and was found not guilty. Mary Margaret Wetzel, appellant and widow of Willy Wet-

zel, then brought this suit to recover the insurance proceeds from an accidental death policy issued on her husband's life. At the close of the pleadings, both parties moved for summary judgment under Pa.R.Civ.P. 1035, 42 Pa.C.S. In their motions, the parties asked the court to decide, as a matter of law, whether the death of Willy C. J. Wetzel occurred through "accidental means" within the meaning of the insurance policy on his life. In order to decide that question, the lower court examined the bizarre facts surrounding the death of Willy Wetzel, the insurance policy itself, and the case law on the subject. The lower court found that Willy Wetzel's death did not occur through accidental means and therefore there could be no recovery under the insurance policy. The court granted defendant's motion for summary judgment and it is from that order this appeal comes to us. We reverse the decision of the lower court.

Willy Wetzel and his son, Roy Wetzel, were experts in the martial arts, including karate, and operated a school in Beaver County. On the day of Willy Wetzel's death, Roy had been working on his father's income tax return. Willy visited his son and began reading the completed tax forms. The testimony of Roy, admitted through an excerpt from the transcript in the criminal proceedings in Beaver County, describes the events that ensued. As Willy Wetzel started to sign the tax forms, he threw the pen against the drapes and began to scream obscenities. He walked toward the front door mumbling that he was going to lose his house, car and everything. Grabbing a Hawaiian sword, Willy Wetzel turned and let out a battle cry called a "kewah." The fight began.

Willy began to remove the sword from its case when Roy attempted to grab the case. Willy kicked Roy and the sword was bent in half. The hand-to-hand fight continued for approximately twenty-five minutes. Roy made several attempts to reach the telephone to call for help, but was stopped each time by his father's tactics. Finally, Roy placed nanchukas sticks, used in karate, around his father's head to try to render him unconscious. Shortly after that Roy realized his father was dead.

Based on these facts, we are faced with deciding whether the death of Willy Wetzel occurred through accidental means under the insurance policy in question. The Benefit Provisions of the Certificate of Insurance in this case read in part:

"If, while insured under the Group Policy for Personal Accident Insurance, the Employe sustains bodily injuries solely through violent, external and accidental means, and within ninety days thereafter suffers any of the losses specified in Section C hereof as a direct result of such bodily injuries independently of all other causes, the Insurance Company shall pay the amount of the insurance specified for such loss . . . provided, however, that in no case shall any payment be made for death or any other loss which is: . . .

(D) caused by or resulting from intentional self-destruction or intentionally self-inflicted injury, while sane or insane."

In interpreting these provisions of the insurance contract, the intention of the parties must be determined from the words of the instrument, and any ambiguity in the language must be read in a light most favorable to the insured. *Mohn v. American Casualty Co.,* 458 Pa. 576, 326 A.2d 346 (1974). The lower court opinion correctly stated that subsection (D) of the benefit provisions of the insurance contract in this case does not apply where the death was due to the acts of another. The difficult question arises when the policy does not contain a violation of law clause "or the commission of a crime exception and the injury is as a result of the insured's culpable conduct." *Mohn v. American Casualty Co.,* 458 Pa. at 579, 326 A.2d at 348.

In *Mohn v. American Casualty Co.,* supra, a father sued for expenses incurred when his son was fatally wounded by a police bullet while he was fleeing from a burglary. The insurance policy did not contain a violation of law clause, just as is the case with the policy before us. The *Mohn* case aptly discusses the split of authorities in this kind of case.

One view is to preclude recovery when the insured's injury is the direct result of his own criminal conduct. However, even these jurisdictions that base the view on public policy involved grant an exception where the suit for recovery is brought by an innocent beneficiary.[1] Other jurisdictions refuse relief on the grounds that the occurrence was the foreseeable consequence of the acts of the insured and therefore not accidental.[2] This was the reasoning given in the opinion of the lower court and argued by appellee in the case before us. However, the Pennsylvania cases have expressly rejected the public policy reasoning as well as the use of the reasonably foreseeable test in denying recovery where the insured was involved in culpable conduct. *Eisenman v. Hornberger*, 438 Pa. 46, 264 A.2d 673 (1970); *Beckham v. Travelers Ins. Co.*, 424 Pa. 107, 225 A.2d 532 (1967). Thus the *Mohn* court permitted recovery by the father.

In justifying its decision, the court in *Mohn*, supra, cited with approval *Eisenman v. Hornberger*, supra. There, two persons broke into a home and stole liquor. In the course of their crime, they lit matches in order to see their way. One of the matches lodged in a chair and caused a fire that destroyed the home. The insurance contract involved did not contain a "violation of law" clause and therefore recovery could not be denied. The court further explained that it was not convinced of any overriding public policy which would deny recovery.

"There is no evidence whatsoever that the policy was procured *in contemplation* of the crime. Nor can the insurance policy be said to have *promoted* the unlawful act. Moreover, it seems equally implausible that denying coverage would serve as a crime *deterrent*. Finally, the insurance policy in no way saves the insured from the consequences of his criminal act." 438 Pa. at 50, 264 A.2d at 675.

When applying the factors used by the *Eisenman* court to the case before us, we reach the same result.

1. See 43 A.L.R.3d 1125 et seq. (1972).

2. See *Id.* at 1132–34.

Although stealing liquor is distinguishable from the criminal assault Willy Wetzel committed upon his son, Roy, both involved criminal conduct not covered by a violation of law clause in the policy. The facts of the case before us show Willy's rage was due to his income tax return and was in no way related to the procurement of the accidental insurance policy. Nor would denying recovery to an innocent beneficiary in this case deter this type of culpable conduct on the part of the insured.

The *Mohn* case explains that recovery must be placed on the actions of the insured and not on the acts of a third party. From this view it may be argued that it was reasonably foreseeable to Willy Wetzel that his son could have killed him due to his skill in the martial arts. However, "the modern legal trend is to abandon the former 'reasonably foreseeable' rule and treat the occurrence as accidental even though it resulted from the insured's criminal conduct." *Mohn v. American Casualty Co.,* 458 Pa. at 585, 326 A.2d at 351. Our Supreme Court adhered to the modern trend in allowing recovery on an insurance policy in the *Mohn* case and in *Eisenman.*[3] In following this reasoning, we find that the death of Willy Wetzel was due to "violent, external and accidental means" within the meaning of the policy, and appellant, as an innocent beneficiary, must recover.

Order of the lower court reversed.

JACOBS, President Judge, concurs in the result.

VAN der VOORT and HESTER, JJ., dissent. They would affirm the order of the court below.

HOFFMAN, J., did not participate in the consideration or decision of this case.

---

**3.** See also *Beckham v. Travelers Ins. Co.,* 424 Pa. 107, 225 A.2d 532 (1967). In *Beckham,* the mother of the insured sued to collect the insurance proceeds under the policy issued on the life of her son who died due to a self-administered overdose of narcotics. The court expressly abandoned the artificial distinction between accidental means and accidental results, as well as stating that the determination of what was "foreseeable" would be just as troublesome for the courts. Recovery under the policy was allowed.