435 A.2d 217

**Mark A. KNAUBER, Appellant,**

**v.**

**CONTINENTAL INSURANCE COMPANIES and Fireman's Insurance Company.**

Superior Court of Pennsylvania.

Argued Nov. 12, 1980.

Filed Sept. 25, 1981.

58

M. Richard Mellon, Erie, for appellant.

Donald E. Wright, Jr., Erie, for appellees.

Before HESTER, BROSKY and VAN der VOORT, JJ.

BROSKY, Judge:

Appellant, Mark A. Knauber, commenced this action to recover from appellee insurance company funds which appellant claims appellee is bound to pay by reason of an insurance contract entered into by the parties. Preliminary objections made by appellee were sustained by the lower court. On appeal, the issue for our determination is whether a clause in the contract which excludes from coverage those losses caused by the intentional acts of insured persons relieves appellee of its obligation to compensate appellant for his loss. We agree with the lower court's conclusion that it does and therefore affirm.

The facts are as follows. In May, 1977, appellant and his wife purchased a homeowner's insurance policy issued by

appellees. In July, 1979, husband and wife were separated and the husband was living in the marital residence. At that time, his wife entered the insured premises and caused destruction of property contained therein. Appellant and his wife were subsequently divorced. Appellant filed a claim with appellees to recover $2,000 for damage caused by his wife. The claim was denied on November 29, 1979, at which time the parties were divorced. This suit followed.

By way of preliminary objections, appellees asserted below that they were not liable to compensate appellant for his loss because his wife, whom all parties agree intentionally caused the damage to the property, was an insured party to the policy. The policy was issued to Mark A. and Patty A. Knauber. It provides in pertinent part:

Section 11—Additional coverages

\*    \*    \*    \*    \*    \*

3. Damage to Property of Others. We will pay up to $250 per occurrence for property damage to property of others caused by any insured. We will not pay for property damage:

\*    \*    \*    \*    \*    \*

b. caused intentionally by any insured who is 13 years of age or older;

(Emphasis in original.)

In construing the language of the policy we have kept in mind the principle that any ambiguity in the language of insurance contracts must be resolved in favor of the insured and against the insurer. See *Ranieli v. Mutual Life Insurance Company of America*, 271 Pa.Super. 261, 413 A.2d 396 (1979), *Wetzel v. Westinghouse Electric Corporation,* 258 Pa.Super. 500, 393 A.2d 470 (1978). Words in such contracts are given their plain and popular meanings. *Ranieli,* supra, 271 Pa.Super. at 270, 413 A.2d at 400.

This exclusion is contained in the subpart entitled "Damage to Property of Others." Its plain meaning is that the policy will not provide coverage for damage intentionally inflicted by an insured on property not owned by him.

Appellant claims damages to property owned by him but not his insured wife. Based, then, on the plain meaning of this clause, it seems that since the damage was intentionally caused by an insured, no coverage is provided.[1]

Appellant contends that the facts of his separation and subsequent divorce calls for a different conclusion. At the time of the incident for which he seeks compensation, appellant and his wife were married. Their later divorce does not affect their status as to this claim. Furthermore, appellant does not cite, nor do we find, any cases to support his argument that the fact of separation somehow changes the insurance contract's terms. As appellant notes, this action is between the insurance company and its insured. It is not between husband and wife. As to the insurance company, the separation of husband and wife in July, 1979 was without significance. Both were still parties to the contract. As an insured, the wife was entitled to the benefits of the contract and was subject to the liabilities imposed by it.

Appellant emphasizes that the damaged property was his separate property. Even accepting his claim as true, we find it of no assistance to him. Had appellant and his wife been living together as man and wife, and had his wife destroyed his separate property, she would still have been an insured intentionally destroying property. The policy makes no distinction between separately and jointly owned property and neither can we.

We find that the separation of the parties and separate ownership of property do not affect the policy terms. The exclusionary clause, which is of the type impliedly upheld by the Third Circuit Court of Appeals in *Kraus v. Allstate Insurance Company*, 379 F.2d 443 (1967), applies.

Order affirmed.

1. The fact that the "other" person here is also an insured party does not seem to change the effect of the provision. The intention of the company in including such a clause in its policy is clearly to absolve itself of liability for the intentional acts of its insured persons. Regardless of who the victim is, the insured has still acted intentionally to cause the damage.